# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARY MILANO, | * |
| Plaintiff, | * |
| v. | * Case No. 1:21-cv-02744-GLR |
| WORLD RELIEF CORPORATION OF THE NATIONAL ASSOCIATION OF EVANGELICALS, | * |
| Defendant. | * |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, World Relief Corporation of the National Association of Evangelicals ("Defendant" or "World Relief") by and through its attorneys, Shawe Rosenthal LLP, submits its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and states as follows:

The unnumbered introductory paragraph of Plaintiff's Amended Complaint is merely a characterization of her claims to which no answer is required. Nonetheless, Defendant denies Plaintiff's allegations that Defendant engaged in any violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964, and generally denies all liability and damages asserted against Defendant by Plaintiff.

### PARTIES

1. Defendant admits the allegations in Paragraph 1 of the Amended Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Amended Complaint, but clarifies that it is a non-profit corporation.

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

4. The allegations in Paragraph 4 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

5. The allegations in Paragraph 5 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5 of the Amended Complaint.

6. The allegations in Paragraph 6 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

## FACTUAL ALLEGATIONS

7. Defendant admits the allegations in Paragraph 7 of the Amended Complaint, but clarifies that Plaintiff was hired into the role of Manager of Impact Reporting.

8. Defendant admits the allegations in Paragraph 8 of the Amended Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Amended Complaint.

10. Defendant is without sufficient information as to what Plaintiff "discovered" during a conversation with her colleagues and is therefore unable to admit or deny this allegation. Defendant admits that World Relief paid Mr. Riedy more than Plaintiff, but given the vagueness of the timeframe set forth in Paragraph 10, is unable to admit or deny whether Plaintiff was paid

$10,000 less. Defendant further denies that Plaintiff's and Mr. Riedy's positions required equal skill, effort, and responsibility under similar working conditions.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant is without sufficient information as to what Plaintiff discovered and when, and is therefore unable to admit or deny the allegation in sentence one. Defendant admits that as of April 2019, Plaintiff was paid $2,500 less than Timothy Huber. Defendant also admits that, as of April 2019, Plaintiff had a "Director" role, whereas Mr. Huber had a "Manager" role. Defendant admits that Mr. Huber was placed on a Performance Improvement Plan during his employment with Defendant, but denies that it was in April 2019 and denies the implication that should warrant a lower salary. Defendant further denies that Plaintiff and Mr. Huber's positions required equal skill, effort, and responsibility under similar working conditions.

13. Defendant denies the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant admits that Mr. Misner received coaching, but denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Defendant expressly denies that Plaintiff's salary was "inequitable." Defendant admits the remaining allegations in Paragraph 15 of the Amended Complaint.

16. Defendant admits that Plaintiff no longer attended certain meetings after she transferred to the Marketing Department, but denies that this result had any relation to Mr. Misner. Defendant denies that Plaintiff's job performance was impacted.

17. Defendant admits the allegations in Paragraph 17 of the Amended Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Amended Complaint.

19. Defendant admits that Mr. Misner called Plaintiff to discuss the prayer. Defendant also admits that Ms. Ashley complained to Human Resources about the response Plaintiff received

from Mr. Misner regarding the prayer. Defendant denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20. Defendant denies that the purpose of the coaching was to "improve [Misner's] relationship with his female subordinates." Defendant admits the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Defendant admits the allegations in Paragraph 21 of the Amended Complaint.

22. Defendant admits that Plaintiff complained to Ms. Gonzalez about the proposed merger, and that Ms. Gonzalez told Plaintiff there was nothing she (Ms. Gonzalez) could do to prevent it. Defendant denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. Defendant admits that Plaintiff filed a Charge of Discrimination that was cross-filed with the Equal Employment Opportunity Commission and the Baltimore Community Relations Commission, but denies that the Charge was filed on or about May 29, 2021.

24. Defendant admits that the merger was paused and that Board of Directors interviewed Plaintiff, but denies that there was an "investigation."

25. Defendant admits the allegations in Paragraph 25 of the Amended Complaint, but clarifies that Greene and Ashley agreed that Plaintiff's opportunities would be limited if Plaintiff voluntarily decided not to pursue a role in the Fundraising Department because it reports to Misner.

26. Defendant admits the allegations in Paragraph 26 of the Amended Complaint, but clarifies that the merger was deemed "ill-advised" because of the timing. Moreover, the e-mail communication to which this Paragraph refers speaks for itself, and Defendant denies any interpretation or implication which is inconsistent with the plain language of that document.

27. Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

**COUNT I**

28. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

29. The allegations in Paragraph 29 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30. The allegations in Paragraph 30 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31. Defendant admits that Plaintiff is female. The remaining allegations in Paragraph 31 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

**COUNT II**

36. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

37. The allegations in Paragraph 37 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38. The allegations in Paragraph 38 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39. Defendant admits that Plaintiff is female. The remaining allegations in Paragraph 39 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 39 of the Amended Complaint.

40. Plaintiff has not alleged any allegations in Paragraph 40 of the Amended Complaint and therefore no response is required.

41. Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

43. The first sentence in Paragraph 43 of the Amended Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies the allegations in the second sentence of Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

## COUNT III

46. Defendant repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

47. The allegations in Paragraph 47 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48. The allegations in Paragraph 48 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49. Defendant admits that Plaintiff is female. The remaining allegations in Paragraph 49 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Amended Complaint.

51. The first sentence in Paragraph 51 of the Amended Complaint consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies the allegations in the second sentence of Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

To the extent that any allegation in Plaintiff's Amended Complaint has not been specifically denied, it is denied.

## PRAYER FOR RELIEF

Defendant is not required to admit or deny Plaintiff's requested relief in the Amended Complaint. Defendant denies, however, that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any of the relief requested.

## JURY DEMAND

Defendant is not required to respond to Plaintiff's request for a jury trial.

## AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent that they concern matters on which she failed to exhaust her administrative remedies and/or to the extent the allegations exceed the scope of her administrative charge of discrimination.

3. Any conduct by Defendant toward Plaintiff was based on legitimate, non-discriminatory and non-retaliatory business reasons, and there is no basis for any claim against Defendant by Plaintiff.

4. Defendant has at all times relevant to the Amended Complaint made good faith efforts to comply with its obligations under federal, state, and local laws against discrimination and retaliation, including by promulgating and enforcing policies prohibiting such conduct. Any conduct contrary to these measures would be unauthorized and in violation of Defendant's policies.

5. Defendant at all times acted in a legal and proper manner as to all personnel actions taken with regard to Plaintiff's employment.

6. Defendant affirmatively denies that Plaintiff was subjected to different terms, conditions, and privileges of employment because of her sex or any other legally protected category.

7. At all material times, Defendant had no knowledge of and did not condone, ratify, encourage or acquiesce in any alleged unlawful conduct. To the extent any of Defendant's employees engaged in any conduct that violated the law, such actions were outside the scope of their employment, were contrary to the policies and procedures of Defendant, and not done in the furtherance of Defendant's business interests.

8. Any personnel action taken by Defendant against Plaintiff was based on grounds other than her alleged exercise of any rights protected by any federal or state law, including but not limited to, Title VII of the Civil Rights Act of 1964 and the Equal Pay Act.

9. The alleged male comparators identified by Plaintiff do not perform equal work, requiring equal skill, effort, and responsibility under similar working conditions.

10. Any alleged pay disparity is based upon a job-related factor other than sex.

11. Any damages that Plaintiff has allegedly suffered were caused in whole or in part by her own conduct.

12. Plaintiff's claims are barred, in whole or in part, to the extent that she failed to mitigate her damages, if any.

13. Any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any benefits and/or other monies that Plaintiff has received or will receive, whether through employment, unemployment insurance, or otherwise.

14. Plaintiff is not entitled to liquidated damages against Defendant because any action taken by Defendant with respect to Plaintiff was done in good faith.

15. The Amended Complaint fails to state facts sufficient to state a claim for punitive damages against Defendant since there was no malice, reckless indifference to Plaintiff's rights, or willful or wanton conduct attributable to Defendant.

**Reservation of Rights**

Defendant reserves the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

Date: January 13, 2022               Respectfully submitted,

                                          /s/
                              Lindsey A. White (Bar No. 29183)
                              Courtney B. Amelung (Bar No. 13422)
                              SHAWE ROSENTHAL LLP
                              One South Street, Suite 1800
                              Baltimore, MD 21202
                              Telephone:  (410) 752-1040
                              Facsimile:  (410) 752-8861
                              white@shawe.com
                              amelung@shawe.com

                              *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 13, 2022 a true and correct copy of Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint was electronically filed and thereby served upon:

>R. Scott Oswald, Esq.
>Anita Mazumdar Chambers, Esq.
>The Employment Law Group, P.C.
>888 17th Street, NW, Suite 900
>Washington, DC  20006

>/s/
>Lindsey A. White